NOT DESIGNATED FOR PUBLICATION

Nos. 111,702
111,703

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ROBERT WREN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; FREDERICK WILLIAM CULLINS, judge. Opinion filed
December 18, 2015. Reversed in part, vacated in part, and remanded with directions.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, for appellee.

Before SCHROEDER, P.J., PIERRON, J., and HEBERT, S.J.

*Per Curiam*:  Robert Wren appeals three issues involving the sentences imposed
based on his plea in two cases. Wren's first claim is the district court improperly
calculated his criminal history. We find the district court did improperly compute Wren's
prior criminal history, and we must remand for resentencing. Next, Wren argues the
district court abused its discretion when it denied his motion to depart. We find with our
ruling on the first issue, it is unnecessary to address this claim of error. Wren's last claim
concerns the district court's failure to consider on the record the impact of its order for
Wren to pay attorney fees in both cases—a violation of *State v. Robinson*, 281 Kan. 538,

1

546, 132 P.3d 934 (2006). On this point, we agree with Wren. Reversed and remanded with directions.

FACTS

Robert Wren pled no contest to one count of burglary of a nondwelling in case No. 13CR250 and one count of possession of methamphetamine in case No. 13CR270. Prior to sentencing, Wren filed a motion in both cases asking the district court for a dispositional departure to probation because the majority of his prior convictions were more than 10 years old. Wren stated he had been sober for 13 years prior to relapsing and asked the district court to send him to drug abuse counseling instead of prison. Wren argued departure was appropriate because of the age of his criminal history, his need and willingness for drug treatment, and his employment opportunity once treatment was complete. The district court found Wren's criminal history score was a B and denied his departure request finding he was a risk to the public. The district court sentenced him to 34 months' imprisonment in case No. 13CR270 and 29 months' imprisonment in case No. 13CR250 to run consecutive to case No. 13CR270. Wren's criminal history score included a prior juvenile felony burglary conviction from 1988 that was scored as a person felony. In case No. 13CR250, the district court ordered Wren to pay his court-appointed lawyer a $100 application fee and $962 in attorney fees. In case No. 13CR270, the district court ordered Wren to pay his court-appointed lawyer a $100 application fee and $899 in attorney fees. Wren timely appeals.

ANALYSIS

*Did the district court err in sentencing Wren?*

On appeal, Wren argues his sentence is illegal because it relied on an incorrectly scored 1988 juvenile felony burglary conviction. Wren argues *State v. Murdock*, 299

2

Kan. 312, 323 P. 3d 846 (2014), *modified by Supreme Court order* September 19, 2014, and *State v. Williams*, 291 Kan. 554, 244 P.3d 667 (2010), require the district court to score all pre-Kansas Sentencing Guidelines Act (KSGA) felonies as nonperson felonies. However, *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), recently overruled *Murdock* and *Williams* and controls. Despite this, Wren is correct; under *Keel*, the district court erroneously scored his 1988 felony burglary as a person felony. See 357 P.3d 251, Syl. ¶ 8. Wren failed to object to the classification of his prior 1988 felony burglary as a person felony conviction at sentencing. He raises this issue for the first time on appeal.

*Waiver*

"Whether a prior conviction or adjudication was properly classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review. [Citations omitted.]" *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

Generally, issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, "K.S.A. 22-3504(1) specifically authorizes a court to 'correct an illegal sentence at any time.' This language has generally been interpreted to mean that an illegal sentence issue may be considered for the first time on appeal." *Dickey*, 301 Kan. 1018, Syl. ¶ 1. Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (Rule 6.02[a][5] will henceforth be strictly enforced).

"This court has defined an 'illegal sentence' as '(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision,

either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' *State v. Trotter,* 296 Kan. 898, 902, 295 P.3d 1039 (2013). As noted above, in [*State v. Neal,* 292 Kan. 625, 631, 258 P.3d 365 (2011)], this court concluded that a challenge to a district court's criminal history score calculation can be raised pursuant to K.S.A. 22-3504(1) because such a challenge essentially raises a claim that the sentence imposed does not conform with the applicable statutory provision regarding the term of punishment authorized for the current conviction. [Citation omitted.]" *Dickey,* 301 Kan. at 1034.

Here, Wren's failure to object to how his 1988 juvenile felony burglary was classified is not fatal to his appeal; *Dickey* clearly states an illegal sentence may be corrected at any time and for the first time on appeal. 301 Kan. at 1034.

While counsel may stipulate to the fact of the criminal conviction, its legal effect is not subject to stipulation. *State v. Weber*, 297 Kan. 805, 814, 304 P.3d 1262 (2013); see also *Dickey*, 301 Kan. at 1032. At sentencing, Wren stipulated to the existence of his prior conviction; however, per *Weber* and *Dickey*, he could not stipulate to its legal effect.

*Classification of Wren's 1988 Juvenile Felony Burglary*

On appeal, Wren argues all pre-KSGA (prior to July 1, 1993) convictions must be scored as nonperson felonies for purposes of his criminal history, and thus, the district court erred when it scored his 1988 juvenile felony burglary as a person felony. Wren comes to this conclusion of law by relying on *Williams* and *Murdock*. *Williams* and *Murdock* were specifically overruled by the majority in *Keel*, 357 P.3d at 269. In *Keel*, the Kansas Supreme Court held:

"[A] pre-KSGA conviction and/or adjudication must be classified as either a person or nonperson offense by comparing the criminal statute under which the prior offense arose to the comparable post-KSGA criminal statute. . . . [T]he comparable post-KSGA

4

criminal statue is the one that was in effect at the time the current crime of conviction was committed." 357 P.3d 251, at 264-65.

Additionally, we note that any doubt as to how pre-KSGA convictions are to be treated was addressed by the legislature in H.B. 2053, effective April 2, 2015, amending K.S.A. 2014 Supp. 21-6810 and K.S.A. 2014 Supp. 21-6811 (34 Kan. Reg. 266 [2015]). Thus, we must determine the impact of Wren's criminal history under *Keel*.

> "K.S.A. 2014 Supp. 21-6811(d) provides that a prior burglary conviction or adjudication will be classified for criminal history purposes as: (1) a person felony if the prior burglary conviction or adjudication involved a dwelling, or (2) a nonperson felony if the prior burglary conviction or adjudication did not involve a dwelling." *Dickey*, 301 Kan. at 1035.

K.S.A. 2014 Supp. 21-5111(k) defines a dwelling as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." In comparison, the burglary statute in effect when Wren committed his 1988 felony burglary did not require evidence showing the structure burglarized was a dwelling. K.S.A. 21-3715 (Ensely 1988) stated:

> "Burglary is knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein."

While the old burglary statute was comprised of multiple, alternative versions of the crime, none of them included an element requiring the structure burglarized be a dwelling. Thus, determining whether Wren's prior burglary involved a dwelling and should be classified as a person felony under the current KSGA would require judicial

factfinding going beyond merely finding the existence of a prior conviction or the statutory elements constituting the prior conviction. See *Dickey*, 301 Kan. 1039.

Apprendi/Descamps

In determining whether prior offenses may be used as a person felony or otherwise used to enhance a defendant's sentence, the district court is constitutionally prohibited under *Apprendi* and *Descamps* from making additional factual findings beyond simply identifying the statutory elements of the primary offense. See *Dickey*, 301 Kan. at 1039. Accordingly, the classification of Wren's prior 1988 burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*. We must vacate Wren's sentence and remand to the district court to correct his criminal history score.

*Denial of Motion to Depart*

Next, Wren argues the district court erred when it denied his departure motion. With our prior determination to remand this case for resentencing, we find it is unnecessary to address this issue, and decline to do so.

*The district court violated* Robinson.

Finally, Wren argues the district court erred when it ordered him to reimburse the State for court-appointed attorney fees in cases 13CR250 and 13CR270 without first considering on the record his financial obligations and the burden the amount in either case would impose upon him. Wren failed to raise this issue below. Generally, issues not raised before the trial court cannot be raised on appeal. See *Kelly*, 298 Kan. at 971. However, this court may reach an issue on appeal "despite a failure to raise it below when the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case." *Robinson*, 281 Kan. at 541. Because this

6

issue involves only a question of law and is finally determinative of the issue, we find it appropriate to answer the issue.

As an indigent defendant, Wren's lawyer was paid by the Board of Indigent Defense Services (BIDS). Upon conviction, Wren has a statutory obligation to reimburse BIDS, and the district court ordered him to do so. The amount to be assessed is regulated by K.S.A. 22-4513. The statute states the district court "shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." K.S.A. 22-4513(b).

Pursuant to K.S.A. 22-4513(b), the district court "must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly,* stating on the record how those factors have been weighed in the court's decision." *Robinson*, 281 Kan. at 546. The remedy for a sentencing court's failure to make explicit findings is to remand the case to the sentencing court for such findings. See *Robinson*, 281 Kan. at 547.

In this case, the district court did not question Wren regarding his financial resources prior to assigning attorney fees. The district court then moved directly to imposing the attorney fees with no consideration on the record of how Wren's financial resources intertwined with the burden to reimburse BIDS for his court-appointed attorney fees. The district court's lack of inquiry fails to comply with the requirements of *Robinson,* 281 Kan. at 546. The district court's assessment of the BIDS attorney fees must be vacated. We remand this case to the district court to consider, on the record at sentencing, Wren's financial resources and the burden imposed, if any, by the assessment of BIDS attorney fees.

Reversed in part, vacated in part, and remanded with directions.

7