NOT DESIGNATED FOR PUBLICATION

No. 113,863

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

D'WAYNE L. GOOCH,
*Appellant.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL RIOS, judge. Opinion filed October 21, 2016. Affirmed in part and dismissed in part.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Chadwick J. Taylor*, district attorney, *Jodi Litfin*, assistant district attorney, *Brandon Farnham*, legal intern, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., POWELL, J., and STUTZMAN, S.J.

*Per Curiam*:  On December 20, 2013, D'Wayne L. Gooch entered no contest pleas to a single count of attempted aggravated battery, a severity level 6 person felony, and two counts of aggravated assault, severity level 7 person felonies. At sentencing, the district court imposed the aggravated prison sentence from the sentencing guidelines grid box for each offense and ordered each to be served consecutively, for a controlling prison term of 72 months. The district court also ordered Gooch to pay court costs and fees, including $350 in Board of Indigents' Defense Services (BIDS) attorney fees. Gooch timely appealed those sentencing orders.

1

Gooch's appeal challenges three aspects of his sentence: the district judge's order for attorney fee reimbursement, the use of his criminal history in calculating the sentence without having that history presented to a jury for a finding that it was true beyond a reasonable doubt, and the imposition of the aggravated sentence in the presumptive sentencing grid box without proving aggravating factors to a jury beyond a reasonable doubt.

We find no merit in Gooch's claims and affirm his sentence.

FACTS AND PROCEDURAL BACKGROUND

In light of the issues appealed, a detailed review of the events behind the crimes of conviction is not required. Gooch was charged with attempted second-degree murder, aggravated battery, and aggravated assault. Through a plea agreement, he eventually entered no contest pleas to three reduced charges as noted above. The district court denied Gooch's motions for dispositional or durational departures and adopted the State's recommendation for consecutive sentencing to the aggravated numbers in the presumed sentence grid boxes totaling 72 months in prison.

ORDER FOR REIMBURSEMENT OF ATTORNEY FEES

Gooch first argues the district court violated K.S.A. 22-4513(b) when it ordered him to pay $350 in BIDS attorney fees. Specifically, Gooch complains that before entering its order the court improperly failed to consider his financial resources and the nature of the burden the payment of those fees would impose. Gooch did not object to the district court's imposition of attorney fees, but this does not preclude raising the issue for the first time on appeal. See *State v. Knight*, 44 Kan. App. 2d 666, 687, 241 P.3d 120 (2010), *rev. denied* 292 Kan. 967 (2011). Review of Gooch's claim of error requires the

interpretation of a statute, which raises a question of law over which this court has unlimited review. *State v. Robinson*, 281 Kan. 538, 539, 132 P.3d 934 (2006).

K.S.A. 22-4513(a) requires a defendant represented by appointed counsel and subsequently convicted to reimburse the State for the expenditures made by BIDS. K.S.A. 22-4513(b) provides: "In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." The Kansas Supreme Court has interpreted K.S.A. 22-4513(b) to mean that, at the time BIDS attorney fees are assessed, the sentencing court must explicitly consider a defendant's financial resources and the nature of the burden payment will impose and thereafter must state on the record how those factors were weighed in its decision. *Robinson*, 281 Kan. at 546.

After the district court judge announced Gooch's sentence, the following discussion occurred:

> "[THE COURT:] Mr. Gooch, I know you've been in custody, and I know that you will be in custody for a period of time. Have you been working at the jail? Are you receiving any income from any source at all?
> "MR. GOOCH: I mean I used [to] work there. They don't give me no money.
> "THE COURT: Okay. I understand that there will be, there will be some hardship for you in paying court costs, but I know that it can be done, given what you can do in jail and work. It will just take some time for you.
> "MR. GOOCH: They don't pay in the jail, ma'am."

Thereafter, the district court ordered Gooch to pay court costs and fees, including reimbursement to BIDS for attorney fees. Given Gooch's indigency, the court imposed a "reduced" attorney fee in the amount of $350, half the amount he otherwise would have been required to pay.

3

In *Robinson*, our Supreme Court identified two requirements for a district court to comply with K.S.A. 22-4513(b): (1) explicitly consider the financial resources of the defendant and the nature of the burden that payment of assessed fees will impose; and (2) state on the record how those considerations were weighed in the court's decision to order fee repayment. *Robinson*, 281 Kan. at 546. Although in this case the district judge's exchange with Gooch was limited, those requirements were satisfied.

The judge's questions first recognized the limitation on employment imposed by his incarceration both prior to and after sentencing and asked about his sources of income or resources. Gooch's response implicitly acknowledged his ability to work, although he made it clear that any work at the jail was uncompensated. The judge next conceded that repayment would impose some hardship because of the sentence that lay ahead and recognized that any assessment she ordered would need to be paid over time. She then ordered the costs to be paid in full in three other categories before stating, "[H]owever, the Court would impose a reduced attorney fee based upon your indigency in the amount of $350 which is half of what you otherwise would have had to pay."

Gooch argues the district court should have ordered no attorney fee assessment since he had no income at the time of sentencing and, with the judge ordering this sentence to be served consecutive to that from another case, he would not be in the labor market for some time. As the trial judge was well aware, however, Gooch's sentence on this case included 24 months of postrelease supervision, during which time he could pay on any amount remaining owed after his prison term. Should the financial obligation prove too onerous, he would be entitled to petition the court later for relief, as permitted by K.S.A. 22-4513(b).

The district judge made the order for reduced attorney fees after gaining some understanding of Gooch's ability to work. She explicitly acknowledged that any payment was likely to take some time, which necessarily implied an extended burden on Gooch's

4

finances. And the judge weighed resources and priorities, as shown by her order for full payment of other obligations, in contrast to the reduced attorney fee she expressly related to Gooch's financial limitations. A district judge could beneficially engage in considerably more inquiry about a defendant's education, job training, work history, physical capabilities, obligations for the support of others, and assets and liabilities. In this case, the judge's abbreviated colloquy with Gooch was more overview than checklist. Nevertheless, the information gained from the minimal process satisfied the essential objectives prescribed in *Robinson* and we find no error.

USE OF CRIMINAL HISTORY AND IMPOSITION OF AGGRAVATED SENTENCE

Gooch raises two other issues founded on positions that he admits are contrary to Kansas Supreme Court rulings. He contends those cases adverse to his arguments were decided incorrectly and asserts he is raising these issues to preserve them for possible federal review.

First, Gooch argues the district court improperly used his prior convictions to increase his sentence without requiring the prior convictions be proved to a jury. In *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), our Supreme Court rejected the argument that this violates the defendant's rights under the Sixth and Fourteenth Amendments to the United States Constitution. We are duty bound to follow our Supreme Court precedent absent some indication that the court is departing from its earlier position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). The Supreme Court continues to follow its *Ivory* ruling. See *State v. Overman*, 301 Kan. 704, 716, 348 P.3d 516 (2015). There was no error by the district court in determining Gooch's sentence, in part, through use of his criminal history, without submitting that history to a jury.

Second, Gooch objects to the district court's imposition of the longest of the three sentences in the applicable guidelines grid boxes—the "aggravated" sentences—without having a jury determine that aggravating factors existed in this case. Our Supreme Court has rejected this claim, concluding in *State v. Johnson*, 286 Kan. 824, Syl. ¶ 6, 190 P.3d 207 (2008), that an appellate court has no jurisdiction to consider this issue on appeal, as an aggravated sentence that otherwise falls within the applicable grid block under the Kansas sentencing guidelines is considered a presumptive sentence. The Supreme Court continues to follow its ruling in *Johnson. State v. Hilt*, 299 Kan. 176, 201, 322 P.3d 367 (2014). We are without jurisdiction to consider this challenge to presumptive sentences, and this portion of the appeal is dismissed.

Affirmed in part and dismissed in part.