NOT DESIGNATED FOR PUBLICATION

No. 114,864

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LONNIE C. FEENSTRA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed December 9, 2016. Dismissed in part, reversed in part, and remanded.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Brock R. Abbey*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., ATCHESON, J., and STUTZMAN, S.J.

*Per Curiam*:  Lonnie C. Feenstra appeals his sentence and the district court's order that he pay attorney fees. We dismiss his claims relating to his sentence but reverse and remand on the issue of attorney fees.

*Factual and procedural background*

Lonnie Feenstra was charged with fleeing or attempting to elude a law enforcement officer, aggravated assault on a law enforcement officer, and 26 other

1

felonies, misdemeanors, and infractions after a police chase following an attempted traffic stop.

In a plea agreement, Feenstra agreed to plead no contest to one count of fleeing or attempting to elude a law enforcement officer and one count of aggravated assault on a law enforcement officer. Feenstra also agreed to pay restitution and not to request a dispositional departure to probation. In exchange, the State agreed to dismiss the other 26 counts, to recommend the mitigated number in the appropriate sentencing grid boxes, and to recommend Feenstra's sentences run concurrently.

Feenstra entered no contest pleas to the charges. At sentencing, Feenstra and the State recommended sentences according to the plea agreement. The district court inquired whether Feenstra was employable on release, whether there was anything that would prevent him from working full-time, and if he cared for any children under the age of 18. Feenstra indicated he was employable, nothing would prevent him from working full-time, and he had two children under the age of 18. When the district court asked if there was any reason Feenstra could not pay "some portion" of his attorney fees, Feenstra responded, "No, sir."

The district court found no mitigated sentence was warranted, stating:

> "The Court has taken into consideration all of the evidence presented, the testimony that's been given in this case, the factual information, the plea. I've given consideration to the evaluations completed by the defense, find that there is not an alleged mental deficiency that would warrant mitigation, nor do I have to comply or agree with the parties' recommendation. The Court cannot in good conscience order a mitigated sentence in this situation."

Based on Feenstra's criminal history score of E, the district court ordered the aggravated sentence for both counts, 32 months' imprisonment for aggravated assault on

a law enforcement officer and 7 months' imprisonment for fleeing or attempting to elude a law enforcement officer, for a controlling sentence of 39 months' imprisonment, and ordered the sentences be served consecutively. We note that although the district court pronounced from the bench an aggravated sentence of 7 months' imprisonment for fleeing or attempting to elude a law enforcement officer, the journal entry of sentencing reflects Feenstra received the standard sentence of 6 months' imprisonment for that crime.

The district court ordered Feenstra to pay court costs, restitution, and Board of Indigent Defense Services (BIDS) attorney fees, stating:

> "Imposing $193 in court costs, a $200 DNA database fee. I am only going to impose $400 KBI fee as requested by the defense. Restitution in the amount of $1,125 to Drury Place, $30 to the homeowner referenced, BIDS' attorney fee of $650. Find that's not an undue burden or hardship. And a hundred dollar BIDS' application fee, which is not an undue burden or hardship."

Feenstra timely appealed.

*Does this court have jurisdiction to consider whether the district court abused its discretion in sentencing Feenstra to consecutive sentences?*

"'"[G]enerally, it is within the trial court's sound discretion to determine whether a sentence should run concurrent with or consecutive to another sentence."'" *State v. Mosher*, 299 Kan. 1, 2, 319 P.3d 1253 (2014) (quoting *State v. Ross*, 295 Kan. 1126, 1138, 289 P.3d 76 [2012]). However, a defendant cannot argue the district court abused its discretion in imposing consecutive sentences if the sentence is imposed under the Kansas Sentencing Guidelines Act (KSGA). K.S.A. 2015 Supp. 21-6820(c)(1); *Mosher*, 299 Kan. at 2-3.

Feenstra pleaded no contest to aggravated assault of a law enforcement officer, a severity level 6 felony. Based on Feenstra's criminal history score of E, the district court sentenced him to 32 months' imprisonment pursuant to the KSGA. Additionally, Feenstra pleaded no contest to fleeing or eluding a law enforcement officer, a severity level 9 felony. The district court sentenced him to 7 months' imprisonment pursuant to the KSGA. Since Feenstra was sentenced according to the appropriate grids of the KSGA, he cannot argue the district court abused its discretion when it imposed consecutive sentences. We lack jurisdiction to entertain this argument.

*Does this court have jurisdiction to consider whether the district court violated Feenstra's rights in sentencing him to the aggravated number in the sentencing grid?*

Feenstra argues the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it sentenced him to the aggravated number in the sentencing grid without proving the aggravating factors to a jury beyond a reasonable doubt. Feenstra acknowledges this issue was adversely decided in *State v. Johnson*, 286 Kan. 824, 190 P.3d 207 (2008), but argues *Johnson* was wrongly decided and includes the issue to preserve it for federal review.

In *Johnson*, the Kansas Supreme Court held sentencing a defendant to the aggravated term in the presumptive grid block did not violate *Apprendi*. 286 Kan. at 851. Further, it held appellate courts are without jurisdiction to consider challenges to presumptive sentences even if the defendant is sentenced to the aggravated term of the presumptive grid block. 286 Kan. at 851-52. The Kansas Supreme Court has not indicated it is departing from its holdings in *Johnson*. Absent a clear indication that our Supreme Court is departing from its previous position, the Court of Appeals is duty bound to follow Kansas Supreme Court precedent. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Thus, pursuant to the holding in *Johnson*, we lack jurisdiction to consider Feenstra's claim.

4

*Did the district court err in ordering Feenstra to pay $650 in BIDS attorney fees?*

Feenstra next argues the district court erred in ordering him to pay $650 in attorney fees. Resolution of this issue requires interpretation and application of K.S.A. 22-4513. Interpretation of a statute is a question of law subject to unlimited review. *State v. Robinson*, 281 Kan. 538, 539, 132 P.3d 934 (2006).

In *Robinson*, the Kansas Supreme Court held sentencing courts "must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision" at the time of the initial assessment of attorney fees pursuant to K.S.A. 22-4513. *Robinson*, 281 Kan. at 546.

The district court briefly inquired about Feenstra's financial resources:  it asked whether Feenstra was employable on release, whether there was anything that would prevent him from working full-time, and if he provided care for any children under the age of 18. When the district court asked if there was any reason Feenstra could not pay "some portion" of his attorney fees, Feenstra responded, "No, sir." But the district court did not inquire as to Feenstra's income, assets, or any other financial obligations, even though Feenstra told him he had two children under age 18. The district court thus failed to explicitly consider the nature of the burden that payment of attorney fees would impose on Feenstra.

Nor did the district court state how it weighed the factors it had inquired about when it determined the amount of BIDS fees to award; it merely indicated the BIDS fees were "not an undue burden or hardship." We agree with other panels of this court who have held that conclusory findings similar to this one do not comply with *Robinson*. See, *e.g.*, *State v. Zach*, No. 107,143, 2012 WL 3966566, at *2 (Kan. App. 2012) (unpublished

5

opinion); *State v. Flanary*, No. 105,296, 2012 WL 686797, at *1 (Kan. App. 2012) (unpublished opinion).

The district court erred when it did not explicitly state, on the record, how it weighed Feenstra's financial resources and the nature of the burden that payment of BIDS fees would impose. We thus reverse the district court's imposition of BIDS fees and remand for findings consistent with *Robinson*.

Dismissed in part, reversed in part, and remanded.