NOT DESIGNATED FOR PUBLICATION

No. 112,495

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSE L. PALACIOS-CHAVEZ,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed November 20, 2015. Vacated and remanded.

*J. Patrick Lawless, Jr.*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., SCHROEDER, J., and HEBERT, S.J.


*Per Curiam*:  In sentencing Defendant Jose Palacios-Chavez for two counts of aggravated indecent liberties with a child, the Sedgwick County District Court reduced the amount he would be required to pay for his appointed lawyer from $1,400 to $400 without inquiring about his financial resources and obligations or earning capacity and without making a finding as to his ability to pay. Because the district court failed to do so, we are obligated to remand for a hearing to properly establish the amount of attorney fees Palacios-Chavez will have to pay.

1

We needn't go into the factual or procedural history of this case, except to note that Palacios-Chavez pleaded to those serious felony offenses and received a 10-year prison sentence. Palacios-Chavez' sole issue on appeal concerns the order that he reimburse a portion of the fees paid to his court-appointed lawyer.

As an indigent defendant, Palacios-Chavez was represented by a lawyer paid through the Board of Indigent Defense Services (BIDS). If a criminal defendant represented by a BIDS lawyer is convicted, the district court must enter an order governing the defendant's obligation to reimburse those fees. The fee assessments are regulated under K.S.A. 22-4513. The amount to be repaid is essentially treated as a civil judgment imposed on a guilty defendant. The statute also requires that the district court "shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." K.S.A. 22-4513(b).

The district court must make that determination at the time the assessment is ordered, typically at sentencing. *State v. Robinson*, 281 Kan. 538, 546, 132 P.3d 934 (2006) ("[T]he sentencing court, at the time of initial assessment, must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision."). While the statute permits a defendant to later request modification of a BIDS assessment because of "manifest hardship," that process cannot replace the district court's studied determination of an appropriate amount in the first instance. 281 Kan. at 544.

In this case, the district court elicited no information about Palacios-Chavez' financial circumstances and provided no explanation for the imposition of $400 as an appropriate reimbursement amount. The district court's failure to do so amounts to reversible error under *Robinson*. A reduction in the reimbursement amount—even a

2

substantial one—is not a legal substitute for the required factual inquiry and findings as to the appropriateness of the amount imposed.

We, therefore, vacate the order requiring Palacios-Chavez to reimburse BIDS $400 for the fees paid his appointed lawyer and remand this case to the district court to conduct a hearing as to the proper amount of any reimbursement.