NOT DESIGNATED FOR PUBLICATION

No. 116,260

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUANE C. CARTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL L. KLAPPER, judge. Opinion filed May 26, 2017. Vacated and remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Ethan Zipf-Sigler*, assistant district attorney, *Mark A. Dupree*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and POWELL, JJ.

*Per Curiam*:  As part of the sentence the Wyandotte County District Court imposed on Defendant Duane Carter following his guilty plea to felony possession of cocaine, he was ordered to reimburse the Board of Indigents' Defense Services (BIDS) $250 for the fees it had paid his appointed lawyer. For his only issue on appeal, Carter says the district court failed to adequately gauge his ability to pay that amount, as required by *State v. Robinson*, 281 Kan. 538, 546, 132 P.3d 934 (2006). We agree and, therefore, vacate that part of Carter's sentence and remand for a hearing on the reimbursement of fees conforming to *Robinson*.

1

Indigent criminal defendants, such as Carter, are entitled to appointed lawyers but may be required to reimburse the fees paid to those lawyers if they are convicted. K.S.A. 22-4513. As provided in K.S.A. 22-4513(b), the district court "shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." The *Robinson* court held that the statute requires the district court "consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision." *Robinson*, 281 Kan. at 546.

Here, the district court determined only that Carter believed he could secure employment in the near future. There was no discussion about the type of work Carter anticipated doing or what he expected to earn. Likewise, the district court did not inquire into Carter's ongoing financial obligations, such as child support, or existing debts. Although the district court reduced the attorney fee reimbursement from $682.50 to $250, that is not an adequate substitute for the directed inquiry and resulting assessment mandated by K.S.A. 22-4513 and described in *Robinson*. See *State v. Palacios-Chavez*, No. 112,495, 2015 WL 7436772, at *1 (Kan. App. 2015) (unpublished opinion).

We vacate the BIDS reimbursement portion of Carter's sentence and remand to the district court with directions to conduct a hearing on attorney fees conforming to the requirements of K.S.A. 22-4513 and *Robinson*.