NOT DESIGNATED FOR PUBLICATION

No. 118,770

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SIXTO MARQUEZ JACQUEZ,
*Appellant*.


MEMORANDUM OPINION


Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed November 30, 2018. Vacated and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., ATCHESON and GARDNER, JJ.


PER CURIAM: Sixto Marquez Jacquez appeals the district court's assessment of Board of Indigents' Defense Services (BIDS) attorney fees, claiming the district court failed to explicitly take into consideration on the record his financial resources and the nature of the burden payment of the BIDS attorney fees would impose upon him. After review of the record, we agree and, therefore, vacate the district court's BIDS attorney fees order and remand for further proceedings.

Jacquez pled guilty to one count of aggravated battery, and at his sentencing on November 13, 2017, the district court sentenced Jacquez to 32 months' imprisonment

1

followed by 12 months' postrelease supervision. In assessing costs and fees, the district judge stated:

> "What I'm going to do with regard to court costs, Counsel, is I'm going to assess $171 in court costs, a $22 surcharge, a BIDS fee of $100, and because the defendant will be in custody, I'm also going to reduce the attorney fee to $100. Those costs and fees will be assessed. They will be effective immediately for the purposes of payment or sentencing."

On appeal, Jacquez argues the district court erred when it imposed BIDS attorney fees without expressly considering his financial resources and the burden imposed by ordering reimbursement of BIDS attorney fees. Resolution of the issue requires interpretation and application of K.S.A. 22-4513, which is a question of law subject to unlimited review. *State v. Robinson*, 281 Kan. 538, 539, 132 P.3d 934 (2006).

At the time of the initial assessment of BIDS attorney fees, sentencing courts "must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision." 281 Kan. at 546; see K.S.A. 22-4513(b). The remedy for a sentencing court's failure to make explicit findings is to remand for such findings. See 281 Kan. at 548.

The State argues the district court expressly considered Jacquez' ability to pay because it reduced the BIDS attorney fees from $755 to $100 and because, as the district court stated, "the defendant will be in custody." However, the district court did not *inquire* regarding Jacquez' ability to pay the BIDS attorney fees or the nature of the burden that payment would impose. Additionally, *Robinson* requires the district court to state on the record how it weighed Jacquez' financial resources and the burden payment of the BIDS attorney fees would impose upon Jacquez. Here, the district court did not make findings consistent with *Robinson*. Rather, the district judge simply stated:

2

"[B]ecause the defendant will be in custody, I'm also going to reduce the [BIDS] attorney fee to $100." Because the district court did not state on the record how it weighed Jacquez' financial resources and the nature of the burden that payment of his BIDS attorney fees would impose, we must vacate the district court's BIDS attorney fees order and remand for further proceedings consistent with this opinion.

Vacated and remanded with directions.