NOT DESIGNATED FOR PUBLICATION

No. 118,423

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT REYES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; BARBARA KAY HUFF, judge. Opinion filed March 1, 2019. Affirmed in part, reversed in part, and remanded with directions.

*Joshua D. Seiden*, of Seiden Law Office, P.A., of Lawrence, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and LEBEN, JJ.

PER CURIAM: After Defendant Robert Reyes pleaded no contest to battery, the Douglas County District Court sentenced him and ordered that he pay statutory costs and reimburse the county for the fees it paid to his appointed lawyers. On appeal, Reyes contends the district court should have taken into account his ability to pay the statutory costs and attorney fees before entering the order. Reyes is correct as to the attorney fees. We, therefore, reverse that part of the order and remand to the district court for further proceedings.

1

The facts underlying Reyes' crime are irrelevant to the issues on appeal. He was convicted of and sentenced for one count of battery, a misdemeanor, on September 11, 2017. Reyes was represented in the case sequentially by two court-appointed lawyers. At the September 11 hearing, the district court ordered Reyes to pay statutory costs of $158 and to reimburse the county for the fees paid the lawyers in an amount to be determined. The record shows the district court did not inquire about Reyes' ability to pay the costs or the fees. Reyes has appealed on the ground the district court was required to consider his ability to pay and had the authority to adjust the costs and fees accordingly.

As to the statutory costs, Reyes is mistaken. Under K.S.A. 22-3801(a), "court costs shall be taxed against the defendant" upon conviction in a criminal case. The costs become an enforceable judgment against the defendant. Nothing in the statute suggests the "shall" should be read other than in its customary way as requiring a mandatory act. See *Gannon v. State*, 298 Kan. 1107, 1141, 319 P.3d 1196 (2014). And the statute contains no language indicating the district court may reduce the costs for good cause, financial hardship, or some other reason. In turn, K.S.A. 2017 Supp. 28-172a establishes the court costs for a misdemeanor as $136 with a $22 surcharge for a total of $158. That corresponds to the amount the district court imposed on Reyes. The district court properly ordered Reyes to pay the costs.

Reimbursement of the fees the county paid Reyes' court-appointed lawyers is another matter. When sentencing defendants, a district court is required to order them to reimburse the county "for all or part" of what the county has paid for their appointed legal representation. K.S.A. 2017 Supp. 21-6604(d). But in ordering repayment, the district court "shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." K.S.A. 2017 Supp. 21-6604(d). The language in K.S.A. 2017 Supp. 21-6604(d) is functionally no different from that in

2

K.S.A. 22-4513(b), requiring reimbursement of attorney fees to the Board of Indigents' Defense Services (BIDS) in felony cases.

In *State v. Robinson*, 281 Kan. 538, 546, 132 P.3d 934 (2006), the Kansas Supreme Court held that in ordering BIDS reimbursement, a district court must explicitly consider on the record "the financial resources of the defendant" and "the burden" payment may impose in determining the specific amount a defendant should pay. About a year and half after *Robinson*, the Kansas Supreme Court held that a district court must first determine the full amount due BIDS to make any meaningful adjustment based on a defendant's ability to pay and the commensurate burden. *State v. Stevens*, 285 Kan. 307, 330, 172 P.3d 570 (2007). That is, the burden can't be reasonably assessed without establishing the reimbursement amount itself.

We see no reason the principles of *Robinson* and *Stevens* should not apply here given the legally indistinguishable language governing reimbursement of fees for appointed lawyers in K.S.A. 2017 Supp. 21-6604(d) and K.S.A. 22-4513(b). That one deals with county reimbursement typically for misdemeanors and the other with BIDS reimbursement for felonies provides no obvious difference of any legal import. The parties have suggested none.

We, therefore, reverse the order directing Reyes to pay an amount to be determined for the fees the county advanced to his court-appointed lawyers. We remand to the district court for a hearing to determine the base amount of the reimbursement and then to determine Reyes' ability to pay that amount and whether some reduction would be warranted under K.S.A. 2017 Supp. 21-6604(d).

Affirmed in part, reversed in part, and remanded with directions.