NOT DESIGNATED FOR PUBLICATION

No. 120,118

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AUGUST J. DENNY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed August 2, 2019. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL and BUSER, JJ.

PER CURIAM: After Defendant August Denny pleaded guilty in this case, the Sedgwick County District Court sentenced him and assessed a Board of Indigents' Defense Services (BIDS) attorney fee. On appeal, Denny contends the district court impermissibly imposed the attorney fee without considering his financial resources and the burden the payment would impose upon him. Although we find the overall discussion of the attorney fee issue to be adequate, the district court's approach courted error.

1

The facts underlying Denny's crime are irrelevant to the issues on appeal. He entered a plea in July 2018 and was convicted of one count of criminal threat, a severity level 9 person felony. At the sentencing hearing a month later, the district court ordered Denny to reimburse BIDS $600 for the services of his court-appointed lawyers. On appeal, Denny argues the district court failed to weigh his earning capacity in fixing the reimbursement and should have reduced the amount.

Resolution of the issue requires interpretation and application of K.S.A. 22-4513, which is a question of law subject to unlimited review. *State v. Robinson*, 281 Kan. 538, 539, 132 P.3d 934 (2006). Likewise, there is no factual dispute about how the district court handled the attorney fee reimbursement, as reflected in the transcript of the sentencing hearing.

Under K.S.A. 22-4513(a), defendants represented by appointed lawyers in felony cases are required to reimburse BIDS for its payment of those lawyers. The district court, however, retains broad discretion to adjust the amount of the reimbursement. K.S.A. 22-4513(b) ("In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose.").

In *Robinson*, 281 Kan. at 546, the Kansas Supreme Court held that in ordering BIDS reimbursement, a district court must explicitly consider on the record "the financial resources of the defendant" and "the burden" payment would cause in ordering the specific amount a defendant should pay. That is, the district court must make a particularized determination of how much a given defendant reasonably can pay based on his or her personal circumstances.

Here, the district court simply announced the amount it was ordering Denny to pay based solely on the financial affidavit Denny filled out at the start of the case in support

2

of his request for an appointed lawyer. The district court did not invite or engage in any discussion with Denny or his lawyer on the point. The district court unilaterally stated:

> "I did review Mr. Denny's application for appointed counsel. I note he is 23 years of age. He did not list any dependents. He does not have any monthly financial obligations that were shown. Accordingly, I will impose a requirement and order that you reimburse the Board of Indigent[s'] Defense Services $600 plus the $100 administration fee."

Later in the hearing, when Denny's lawyer asked to to be heard on the issue of the BIDS attorney fee, the district court began by stating: "I have already made a finding . . . and I will stand by that finding. I would note Mr. Denny is not only 23 years of age, did not list any financial obligations, has no dependents, and he appears to be in good health." Denny's lawyer submitted that Denny was not healthy and had applied for disability. The district court concluded the discussion of the BIDS attorney fee by stating, "Well, upon his successful application of that, I will reconsider. But for now I will impose the $600 amount." A district court may later reduce the amount of the reimbursement upon a defendant's application and showing that the repayment "will impose a manifest hardship" on the defendant or his or her family. K.S.A. 22-4513(b).

Under the circumstances here, we find the overall discussion of the BIDS attorney fee reimbursement to be sufficient under K.S.A. 22-4513(b) and *Robinson* but only because Denny's lawyer had the opportunity to speak to the issue and to add some dimension to the district court's otherwise singular reliance on the financial affidavit.

By simply relying on the financial affidavit a defendant has submitted at the start of a case, a district court risks cutting short the sort of evaluation contemplated in both the statute and *Robinson*. By the same token, however, a district court need not undertake an elaborate or extended examination of a defendant's finances, especially when the defendant and any other available sources of information at hand identify little in the way

3

of assets and income on one side of the figurative ledger and few existing liabilities and continuing obligations on the other. Here, Denny filled out the financial affidavit in late June 2018, so it was barely a month old when the district court considered the BIDS attorney fee at sentencing. But this case moved with remarkable dispatch from the filing of the complaint to sentencing. More commonly, cases take months or longer to go from charging to disposition. Obviously, a defendant's financial circumstances may change significantly in that time, especially if he or she is being held as a pretrial detainee.

Similarly, a financial affidavit may present an imperfect or imprecise snapshot of a defendant's assets and liabilities. For example, in this case, Denny listed no monthly bills or living expenses, such as rent or food. He similarly listed no gainful employment in the preceeding six months. There may be entirely reasonable explanations for those sorts of entries—Denny may have been unable to work, as his lawyer suggested, and may have been living with family or friends or in a shelter as a result. But the affidavit calls for no supplemental information, and Denny provided none in completing the form. To apply K.S.A. 22-5413(b) and *Robinson*, a district court commonly ought to elicit some input from a defendant and his or her lawyer to augment the financial affidavit, especially when it contains older or atypical information. Here, Denny's lawyer did that despite any clear opportunity from the district court to do so.

The discussion of the BIDS attorney fee reimbursement, taking account of the district court's initial explanation and Denny's lawyer's additional comments, crossed the threshold for a minimally adequate determination. We, therefore, find the order directing Denny to reimburse BIDS $600 for the fee paid to his appointed counsel to have been properly entered.

Affirmed.

4