NOT DESIGNATED FOR PUBLICATION

No. 122,750

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHAN WAYNE HARRISON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Finney District Court; RICKLIN PIERCE, judge. Opinion filed September 3, 2021. Affirmed in part, vacated in part, and remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Tomas Ellis*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., ISHERWOOD, J., and MCANANY, S.J.


PER CURIAM: Nathan Wayne Harrison pled no contest to aggravated battery. At sentencing, the trial court imposed $600 of Board of Indigents' Defense Services (BIDS) attorney fees. Harrison appeals, arguing (1) the trial court erred in imposing the BIDS attorney fees by failing to consider his financial resources and the burden the payment would impose, (2) the trial court erred in imposing the BIDS attorney fees without designating the method of payment, and (3) the Kansas Sentencing Guidelines Act's (KSGA) use of judicial findings of previous convictions is unconstitutional under section 5 of the Kansas Constitution Bill of Rights and the Sixth Amendment to the United States

1

Constitution. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

FACTS

Harrison pled no contest to aggravated battery. The trial court granted Harrison's request for a downward dispositional departure and imposed 12 months' probation with an underlying sentence of 21 months' imprisonment. At sentencing, the trial court imposed $600 in BIDS attorney fees. Harrison timely appealed.

ANALYSIS

*Did the trial court err in its assessment of attorney fees?*

Harrison argues the trial court erred in imposing the BIDS attorney fees without "explicitly weigh[ing]" his financial resources and obligations. Harrison argues the trial court must make explicit findings regarding his financial circumstances and consider factors like his family obligations, living expenses, and debt, which it did not do. The State concedes that the trial court did not make inquiry into Harrison's financial circumstances and asks this court to remand the matter for proper determination of the BIDS attorney fees.

This court has unlimited review of whether a trial court complied with the statutes regarding imposing attorney fees. This court reviews the amount of the fee imposed for an abuse of discretion. *State v. Buck-Schrag*, 312 Kan. 540, 555, 477 P.3d 1013 (2020).

K.S.A. 22-4513 governs the imposition of attorney fees:

"(a) If the defendant is convicted, all expenditures made by the state board of indigents' defense services to provide counsel and other defense services to such

2

defendant or the amount allowed by the board of indigents' defense reimbursement tables as provided in K.S.A. 22-4522, and amendments thereto, whichever is less, shall be taxed against the defendant and shall be enforced as judgments for payment of money in civil cases.

"(b) In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose."

Our Supreme Court has held that under the statute, a trial court "'at the time of initial assessment, must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision.'" *Buck-Schrag*, 312 Kan. at 555 (quoting *State v. Robinson*, 281 Kan. 538, 546-47, 132 P.3d 934 [2006]).

Here, the trial court imposed $600 in attorney fees. Later in the hearing, Harrison stated that "there is case law indicating it's revers[ible] error to impose attorney's fees without making inquiry into someone's financial situation." The trial court asked Harrison if he was working, Harrison said he was not. The trial court found Harrison could get a job and would be required to do so as a term of his probation. The trial court concluded its inquiry into Harrison's ability to get a job was "a proper *Robinson* hearing" and moved on to other matters.

As both parties acknowledge, the trial court did not consider Harrison's financial resources or the nature of the burden the payment would impose before assessing the BIDS fee. When Harrison pointed out the error later in the hearing, the trial court merely found that Harrison *could* get a job and contended that it had fulfilled its duty under the *Robinson* holding. But such conclusory analysis after imposition of the fee does not comport with the statute's requirement that the trial court, at the time of imposition, make explicit findings weighing the financial resources of the defendant and the nature of the burden that the payment will impose. See, e.g., *State v. Logan*, No. 116,837, 2018 WL

3

671909, at *10 (Kan. App. 2018) (unpublished opinion) (finding trial court's questions establishing that defendant had one child and was incarcerated without any other analysis insufficient to fulfill the explicit findings required by statute). Thus, we vacate the BIDS attorney fee assessment and remand the matter with directions for the trial court to consider Harrison's financial resources and the nature of the burden that payment of the fees will impose before it assesses any BIDS attorney fees.

*Did the trial court fail to comply with the plain language of K.S.A. 22-4513(b) by not explicitly determining "the method of payment" when imposing attorney fees?*

Harrison argues, for the first time on appeal, that the trial court also erred when it imposed BIDS attorney fees without designating the method of payment, which he contends is a required determination under the plain language of K.S.A. 22-4513(b). Because we are vacating the trial court's imposition of the BIDS attorney fees and remanding, this issue is now moot. As a result, Harrison can ask the trial court to determine the method of payment on remand.

*Does the sentencing court's use of judicial findings of prior convictions violate section 5 of the Kansas Constitution Bill of Rights and the Sixth Amendment to the United States Constitution?*

Harrison argues for the first time on appeal that the KSGA's use of judicial findings of previous convictions for criminal history purposes is unconstitutional under section 5 of the Kansas Constitution Bill of Rights. But Harrison raises the same argument recently raised and rejected by our Supreme Court in *State v. Albano*, 313 Kan. 638, 487 P.3d 750 (2021). In *Albano*, our Supreme Court held that "the KSGA provisions authorizing the court to make criminal history findings for purposes of imposing a sentence do not violate section 5 because such judicial findings do not impair the traditional functions of the jury in Kansas criminal proceedings." 313 Kan. at 657. This

court is duty-bound to follow our Supreme Court precedent. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). As a result, his argument fails.

Harrison also argues that the KSGA infringes on his Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because the State had to prove his previous convictions to a jury. But he concedes that our Supreme Court rejected this argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). Our Supreme Court has consistently reaffirmed *Ivory*, most recently in *Albano*, 313 Kan. at 643 stating:  "[W]e have held that the KSGA does not violate the Sixth and Fourteenth Amendments to the United States Constitution" and citing *Ivory*. This court is duty-bound to follow our Supreme Court precedent absent some indication that the court is departing from its earlier position. *Rodriguez*, 305 Kan. at 1144. In sum, the trial court did not violate Harrison's constitutional rights.

We affirm the conviction and sentence, vacate the assessment of BIDS attorney fees, and remand for further proceedings consistent with this opinion.

Affirmed in part, vacated in part, and remanded with directions.