NOT DESIGNATED FOR PUBLICATION

No. 128,072

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER AUSTIN ASH,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Submitted without oral argument. Opinion filed February 20, 2026. Affirmed in part, dismissed in part, vacated in part, and remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., HILL and ATCHESON, JJ.

PER CURIAM:  Tyler Austin Ash appeals his convictions for fleeing from a law enforcement officer, burglary, and several other offenses. On appeal, Ash contends that the district court erred in denying his pretrial motion in limine seeking to admit hearsay testimony of a purportedly unavailable witness at trial. He also contends that the district court erred in imposing certain fees in the journal entry of judgment. Based on our review of the record, we find that the first issue was not adequately preserved for appeal. As to the second issue, we conclude that although some fees were appropriate, others were not. Thus, we affirm in part, dismiss in part, vacate in part, and remand with directions.

1

Ash was charged with multiple felonies arising out of events that occurred in May of 2020. After a sheriff's deputy observed a speeding car, he radioed for another officer to initiate a traffic stop. Instead of stopping, the car sped away. During the ensuing pursuit, the deputies observed several traffic infractions and discovered that the car was registered to Ash. The chase ended when the car stopped near a farmhouse and someone fled out of the driver's door. One of the deputies relayed a description of the individual to dispatch.

The deputies found Ash hiding in an outbuilding and placed him under arrest. Ash—who appeared to be under the influence—claimed that someone else had been driving the car during the chase. But according to the deputies, they saw no one else exit the car. Subsequently, Ash's blood tested positive for methamphetamine and amphetamine.

The State charged Ash with one count of fleeing and eluding a law enforcement officer, one count of driving under the influence, one count of driving while his license was suspended, one count of unlawfully operating a motor vehicle without liability insurance, one count of a non-dwelling burglary, and one count of interference with law enforcement. Prior to trial, Ash filed a motion in limine seeking to admit into evidence at trial hearsay statements he claimed were made by Dillon Percival. Specifically, Ash alleged that—on a phone call between himself, his attorney, and his mother—Percival made statements against interest suggesting that he had driven the car during the chase.

On January 19, 2024, the district court held a hearing on the motion in limine. After hearing the arguments of counsel, the district court denied Ash's motion. In doing so, the district court determined that Ash had failed to show that Percival would be unavailable to testify at trial. Furthermore, the district court determined that Ash had

failed to establish that the alleged statements made by Percival were reliable or trustworthy.

On May 7, 2024, the district court commenced a two-day jury trial. A review of the trial transcript reveals that Ash did not attempt to call Percival as a witness. He also did not attempt to show that Percival was unavailable to testify or what efforts—if any—were taken to locate the witness. Likewise, Ash did not attempt to elicit testimony from other witnesses regarding Percival's alleged statements, to make a proffer of evidence outside the presence of the jury, or move to reconsider the district court's order denying the motion in limine.

At the conclusion of the trial, the jury convicted Ash on each of the charges. The district court subsequently sentenced him to 44 months in prison to run consecutive to a prior criminal sentence from Reno County. The district court also ordered Ash to pay $1,850 in fines. Even though the district court did not mention any other fee, cost, or restitution at the sentencing hearing, the journal entry of judgment—which was filed four days later—ordered Ash to pay an additional $1,090.56 in fees and restitution.

Thereafter, Ash timely filed a notice of appeal.

ANALYSIS

*Lack of Preservation*

On appeal, Ash first contends that the district court erred in denying his pretrial motion in limine seeking to admit hearsay statements into evidence at trial that were allegedly made by Percival. But a review of the record on appeal reveals that Ash failed to preserve this issue for appeal. Because the granting or denial of a pretrial motion in limine is interlocutory in nature, Ash was required to either make a motion for

3

reconsideration or a proffer of evidence at trial to properly preserve the issue for appeal. See *State v. Beard*, 273 Kan. 789, 808, 46 P.3d 1185 (2002). He did neither.

In fact, the record reflects that Ash took no steps to preserve this issue for appeal. Moreover, as the party seeking to introduce hearsay statements of a purportedly unavailable witness at trial, Ash also had the burden of laying a proper foundation by showing—among other things—that he had made a good faith and diligent effort to obtain the witness' presence at trial. See *State v. Green*, 320 Kan. 539, 552, 570 P.3d 1189 (2025). But he failed to make such a showing. Accordingly, we dismiss Ash's first issue for lack of preservation.

*Assessment of Fees*

Next, Ash contends that the district court erred in assessing certain fees against him in the journal entry that had not been imposed on the record at the sentencing hearing. The parties agree that the legality of the assessment of fees presents a question of law over which our review is unlimited. See *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003). Here, Ash expressly challenges the award of $97.56 as restitution, $45 in court appointed attorney fees, and $55 as a discovery fee.

Because Ash presents no legal authority to show that the district court erred in imposing the following statutory fees, they are affirmed:

- $193 docket fee (K.S.A. 28-172a[a] and [f]);
- $100 BIDS application fee (K.S.A. 22-4529);
- $400 KBI lab fee (K.S.A. 28-176[a]-[b]); and
- $200 DNA database fee (K.S.A. 75-724[a]).

Nevertheless, the State concedes that, absent a waiver, some of the fees could not be imposed without the district court first making explicit findings on the record in open court to support their imposition. Consequently, the following fees are vacated and remanded to the district court for further consideration:

- $97.56 ordered as restitution (K.S.A. 22-3801[a]; K.S.A. 28-172a[d]);
- $55 discovery fee (K.S.A. 22-3801[a]; K.S.A. 28-172a[d]); and
- $45 in court appointed attorney fees (K.S.A. 22-4513[b]).

Unless the State no longer desires to pursue these vacated fees on remand, the district court is directed to make the appropriate findings—on the record in open court—to justify the assessment of each of these fees. See *State v. Garcia-Garcia*, 309 Kan. 801, 824, 441 P.3d 52 (2019); *State v. Robinson*, 281 Kan. 538, 546-47, 132 P.3d 934 (2006).

Affirmed in part, dismissed in part, vacated in part, and remanded with directions.