NOT DESIGNATED FOR PUBLICATION

No. 128,123

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDY FARMER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Stevens District Court; CLINT PETERSON, judge. Submitted without oral argument. Opinion filed April 24, 2026. Affirmed in part and vacated in part.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Paul F. Kitzke*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

PER CURIAM: Andy Farmer pled no contest to three felony charges. Prior to sentencing, Farmer filed a motion to withdraw his plea, arguing that he had demonstrated "good cause" to withdraw his plea under K.S.A. 22-3210(d)(1) and *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). The district court denied the motion and sentenced Farmer to 90 months in prison. As part of the sentence, the district court ordered $500 in attorney fees but made no inquiry as to Farmer's financial condition or ability to repay the fees pursuant to K.S.A. 22-4513(b).

1

On appeal, we find that the district court did not abuse its discretion in denying Farmer's motion to withdraw his plea. The court made no error of law or fact, and a reasonable person could conclude that Farmer was not coerced, misled, or taken advantage of, and that his plea was fairly and understandingly made. But we agree with the parties that the district court erred when it ordered reimbursement of attorney fees without complying with the statutory requirements set forth in K.S.A. 22-4513(b). Accordingly, we affirm the district court's denial of Farmer's motion to withdraw his plea but vacate the order for reimbursement of attorney fees.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement between Farmer and the State, Farmer entered a no contest plea to one count of aggravated battery and two counts of aggravated assault on a law enforcement officer. The agreement called for Farmer to serve a total of 91 months in prison. At the time it accepted Farmer's plea, the district court conducted a plea colloquy. The district judge specifically asked Farmer, "And is your mind clear today?" Farmer answered, "Yes." The judge followed up by asking, "Do you understand what we're doing here?" Farmer again answered, "Yes." And when the judge asked whether Farmer's defense counsel had "been able to answer all of your questions," Farmer answered, "Yeah." As the judge was accepting Farmer's plea, the judge noted, "I find the Defendant to be mentally competent. I find his pleas of no contest were freely and voluntarily made with a full understanding of their consequence, not out of ignorance, fear, inadvertence or coercion." The judge accepted Farmer's pleas and found him guilty.

Prior to sentencing, Farmer filed a motion to withdraw his plea. In his motion, Farmer argued that he did not understand the consequences of his plea and that he was not guilty and believed he would succeed at trial.

2

The district court held a hearing on Farmer's motion to withdraw his plea. Farmer and Farmer's defense attorney were the only witnesses. Farmer testified that he was represented by the same attorney in his criminal case that had represented him in his divorce case. Farmer felt that his attorney was focused on his divorce case and had not spent sufficient time explaining his criminal case to him. Farmer believed he had only met with his attorney twice about his criminal case prior to entering his plea, though he admitted that his attorney did send him a letter explaining his charges and consequences. But Farmer stated he was not able to read the letter well because he lacked glasses with the correct prescription. Farmer also admitted that at one meeting with his attorney, she had shown him the Kansas Sentencing Guidelines and reviewed with him how many months in prison his charges carried as a potential sentence. As to the specific plea Farmer entered, he claimed that he had never discussed the terms of the plea prior to the day he entered it, and that he discussed the terms of the plea with his attorney at the courthouse shortly before court. He claimed that his attorney told him, "'You just don't have a case'" and recommended that he take the plea. He stated that he had no other option than to accept the plea and that he felt coerced. He also felt he could not speak during the plea hearing because a sheriff's deputy had told him he should not speak during court. Farmer noted that he only had a ninth-grade education and that his physical disability impacted his decision-making, stating "I don't think quite right." Farmer clarified that his disabilities were physical and not mental but that the pain from his physical disability made it difficult to think.

During cross-examination, Farmer recalled that he had been charged and convicted in 2012 for attempted interference with law enforcement. He admitted that he was familiar with the criminal justice system and had taken a plea before. He also confirmed that he knew he had options and decided not to interject during the plea colloquy when he was not understanding the process because he just wanted "[t]o get it over with."

Farmer's defense attorney testified that she had met with Farmer on at least five different occasions to discuss his criminal case. The attorney testified that she had reviewed the Kansas Sentencing Guidelines with Farmer and how those guidelines worked considering the severity level of the charges and his criminal history. The attorney explained that while Farmer had some confusion about the criminal process, and that his processing could be slow at times, the attorney felt that Farmer understood what he was doing when he entered the plea.

After hearing arguments from counsel, the district court denied Farmer's motion. The district court stated that Farmer's testimony lacked credibility because Farmer appeared to be "weighing" his answers to the court. In contrast, the court found the testimony from Farmer's attorney to be credible. The district court also found that Farmer was familiar with the judicial system and had previously taken a plea. The court concluded that Farmer was not coerced, mistreated, or taken advantage of, that his plea was fairly and knowingly made, and denied his motion to withdraw his plea.

The district court sentenced Farmer to 90 months in prison. The district court also imposed $500 for BIDS attorney fees. It stated, "I'm ordering the Defendant to reimburse the State for a portion of his attorney fees that being in the amount of $500.00 or the Defendant may perform 100 hours of community service upon his release . . . ." The court made no inquiry into Farmer's financial circumstances as part of the order for attorney fees.

Farmer timely appeals.

ANALYSIS

DID THE DISTRICT COURT ABUSE ITS DISCRETION IN DENYING FARMER'S MOTION TO WITHDRAW HIS PLEA?

Farmer argues that the district court abused its discretion when it denied his motion to withdraw his pleas because he was misled, coerced, or taken advantage of, and because his plea was not fairly and knowingly made.

*Standard of Review*

This court applies an abuse of discretion standard when reviewing the district court's decision to deny Farmer's motion to withdraw his pleas. *State v. White*, 289 Kan. 279, 284, 211 P.3d 805 (2009). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). In reviewing the district court's factual findings, this court will not reweigh evidence or reassess witness credibility. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018). Farmer bears the burden of showing the court abused its discretion. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

*Discussion*

When a defendant moves to withdraw a plea before sentencing, as Farmer did here, the district court may grant the motion for "good cause shown." K.S.A. 22-3210(d)(1). In determining whether a defendant has shown good cause, courts generally look to three factors, commonly referred to as the *Edgar* factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandably made. *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020);

5

*Edgar*, 281 Kan. at 36. The Kansas Supreme Court has instructed that these factors should not be applied mechanically or to the exclusion of other factors. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014).

On appeal, Farmer focuses his challenge on the second and third *Edgar* factors, arguing that "he was misled, coerced, or unfairly taken advantage of when he entered his plea and that his plea was not knowingly or understandingly made." Farmer does not appear to argue that his attorney was incompetent under the first *Edgar* factor; rather, he argues that the actions by his attorney in rushing him to enter a plea played into the coercive nature of the situation which resulted in a plea that was not knowingly or understandingly made.

Under the second *Edgar* factor, Farmer describes the events that occurred on the day of his pleas as a "coercive and unfair environment." He states that he was only informed of his plea offer briefly before his plea hearing. But Farmer admitted that he had previously met with his attorney to work on his case, and she had shown him the Kansas Sentencing Guidelines and explained the sentencing ranges for his crimes. Farmer also acknowledged that his attorney had provided similar information in a letter. Importantly, when asked, Farmer confirmed to the court, during his plea hearing, that his attorney had answered all his questions. The district court rejected Farmer's testimony and instead found the testimony of his defense attorney credible. The district court was in the best position to determine credibility and determine whether Farmer's pleas were the result of coercion. *State v. Macias-Medina*, 293 Kan. 833, 839, 268 P.3d 1201 (2012) (finding the district court was in the best position to resolve conflicts in the testimony and make the determination that Macias–Medina's pleas were knowingly and intelligently made and not caused by coercion). Farmer has failed to meet his burden of proof to show that he was misled, coerced, mistreated, or unfairly taken advantage of. *Edgar*, 281 Kan. at 36.

6

Under the third *Edgar* factor, Farmer argues that his slower processing time left him confused about the information that was being presented to him by his defense attorney. He believes that his confusion led to a plea that was not understandingly made. In considering the third *Edgar* factor, the Kansas Supreme Court noted, "To be constitutionally valid, guilty pleas and their resulting waiver of rights 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1975)." *Edgar*, 281 Kan. at 36-37.

We turn to the circumstances surrounding Farmer's plea and the district court's plea colloquy to examine the requirements under the third *Edgar* prong. See 281 Kan. at 36-37. Farmer's counsel testified that she reviewed his charges with him and explained the potential consequences, using the Kansas Sentencing Guidelines as a reference. And Farmer admitted that this conversation occurred. During his plea, the district court reviewed Farmer's charges with him as well as the consequences of his plea. The plea hearing transcript also indicates that the district court reviewed Farmer's constitutional rights with him, including the privilege against self-incrimination and the right to a jury trial. Farmer indicated that he understood he was waiving these rights. There is no evidence in the record that indicates Farmer did not understand his charges, potential penalties, or constitutional rights.

As to Farmer's arguments that his slow processing time made it difficult to understand, the district court specifically asked, "Do you understand what we're doing here?" Farmer answered he did. Farmer's attorney testified that while he did sometimes get confused when discussing the case, she believed he understood the terms of his plea. And Farmer admitted that he had been previously charged and convicted of a crime in 2012, which occurred as a result of his plea. The district court considered this as evidence of Farmer's understanding of the plea process.

7

During Farmer's plea hearing, the court informed him of the nature of his charges, the factual basis of the charges, and of his constitutional rights that would be waived upon his guilty pleas. The hearing transcript shows Farmer responded affirmatively to the district court's many questions aimed at ensuring he entered his pleas understandingly and voluntarily. The same judge who ruled on Farmer's motion to withdraw his plea presided over the plea hearing and was able to observe Farmer when he stated that he understood the nature of the charges against him, the constitutional rights he was waving, and the consequences of his plea. Farmer has failed to establish "good cause" under the third *Edgar* factor to withdraw his plea.

Farmer has failed to carry his burden to show that any *Edgar* factor weighs in his favor or that there is any other reason to afford him relief. See *Peters*, 319 Kan. at 497-98. A reasonable person could conclude that Farmer was not coerced, misled, or taken advantage of, and that his plea was fairly and understandingly made. See *Edgar*, 281 Kan. at 38. Thus, the district court did not abuse its discretion in denying Farmer's motion to withdraw his plea.

### DID THE DISTRICT COURT ERR IN ORDERING FARMER TO PAY $500 IN BIDS ATTORNEY FEES?

Farmer next argues that the district court erred in ordering him to pay $500 in BIDS attorney fees without taking into consideration his financial condition or ability to repay the fees. The State concedes the argument, concurring with Farmer that the fee was improperly imposed.

Under K.S.A. 22-4513(a), a defendant who is represented by appointed counsel and convicted of a felony is required to reimburse BIDS for some or all the attorney fees incurred. During sentencing, the district court is required to inquire about the defendant's financial obligations, earning capacity, and other factors bearing on their ability to repay

8

BIDS. K.S.A. 22-4513(b); *State v. Robinson*, 281 Kan. 538, Syl. ¶ 1, 132 P.3d 934 (2006). In an appeal from an order requiring reimbursement, appellate review is unlimited. *State v. Buck-Schrag*, 312 Kan. 540, 555, 477 P.3d 1013 (2020).

If the district court finds that the payment of the fees would impose a manifest hardship on the defendant or the defendant's immediate family, it may waive the payment of all or part of the fees or modify the method of payment. K.S.A. 22-4513(b). Here, the district court imposed a 90-month sentence and ordered Farmer to pay $500 in attorney fees or perform 100 hours of community service upon his release. However, the district court made no inquiry into Farmer's financial resources or liabilities. Likewise, the district court did not explicitly state the basis of its decision on the record before ordering reimbursement of attorney fees.

As the State acknowledges, the district court's determination does not comport with K.S.A. 22-4513(b) or *Robinson*, 281 Kan. at 546 (The district court "must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision" on BIDS reimbursement.). Accordingly, we conclude that the sentencing order for attorney fees must be vacated.

Affirmed in part and vacated in part.