NOT DESIGNATED FOR PUBLICATION

No. 128,371

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARRIN L. TURNER JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed June 5, 2026. Affirmed in part, vacated in part, and remanded with directions.

*Dylan J. Pryor*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., MALONE and ATCHESON, JJ.

PER CURIAM: Darrin L. Turner Jr. appeals his convictions and sentence after a jury found him guilty of possession of methamphetamine, possession of drug paraphernalia, and driving a vehicle without the tag assigned to it. He argues the district court improperly denied his request to suppress evidence found during a search of his vehicle. He also challenges the district court's imposition of attorney fees. We remand for a corrected fee assessment but find no other error, so we affirm Turner's convictions.

1

FACTUAL AND PROCEDURAL BACKGROUND

At around midnight on July 21, 2020, a Sedgwick County Sheriff's Deputy, Justin Mixon, initiated a traffic stop of a silver Dodge Durango. After running the vehicle's license plate through his in-car system, Mixon determined that the tag was assigned to a different vehicle, a Ford Taurus.

The Durango pulled into a QuikTrip parking lot, and Mixon approached the driver's side. Turner was in the driver's seat, and his fiancée was in the passenger seat. Mixon saw a digital scale on Turner's lap, which he suspected was used for selling drugs. When Mixon asked about the scale, Turner told him that he used it to weigh chemicals for his job, fixing water heaters, and that he had just left a service call. Mixon asked Turner to step out of the Durango to talk to him about the scale.

Once outside, Mixon told Turner that he was not trying to get him in trouble but did not believe his story about the scale. He asked Turner if he could open the scale, which Turner agreed to. Turner retrieved the scale from the Durango and opened it up to let Mixon see in it. Mixon noticed a white crystalized substance inside, which he believed was methamphetamine residue. Turner then closed the scale and left it inside the Durango.

Soon after that, Mixon handcuffed Turner, put him inside his patrol car, then searched the Durango and found methamphetamine and drug paraphernalia inside. He then returned to his patrol car and told Turner he was under arrest. After Mixon gave Turner *Miranda* warnings, Turner admitted that the drugs found in the Durango belonged to him.

The State charged Turner with possession of methamphetamine, possession of drug paraphernalia, and driving a vehicle without the tag assigned to it.

2

*Motion to Suppress*

The week before trial, Turner moved to suppress the evidence found in Mixon's search—the drugs and drug paraphernalia found in his Durango and his incriminating statements.

Mixon testified at the suppression hearing on the morning of jury selection. He identified Turner as the person he had pulled over. Mixon described Turner on that day as "overly nervous, waving his hands around, using a lot of filler words like 'um,' [and] sweating profusely."

Mixon explained that he asked Turner about the tag that was assigned to another car. Turner said that he had recently purchased the Durango and "acknowledged that the tag was not good." Turner had no bill of sale or other paperwork to show that he had purchased the Durango. And after looking at Turner's driver's license, Mixon learned that Turner was supposed to have an ignition interlock, yet the Durango did not have that device, which was a misdemeanor offense.

Mixon testified about the scale he saw on Turner's lap and his search of the Durango. He also described the events surrounding Turner's arrest and Turner's admission to owning the drugs Mixon had found. In addition to hearing Mixon's testimony and the parties' arguments, the district court reviewed the body camera video of the incident.

*Ruling on Motion to Suppress*

The district court found all of Mixon's statements admissible, and found the evidence discovered during Mixon's search of the Durango admissible under three exceptions to the search warrant requirement: (1) the automobile exception; (2) search

3

incident to a lawful arrest; and (3) inventory search. Relatedly, the district court found that Turner consented to the search of the scale. It also found that the Durango was an instrument employed to commit crime (driving without an assigned tag and not having an ignition interlock), so Turner lacked a reasonable expectation of privacy.

*Trial*

At trial, the State's evidence consisted primarily of Mixon's testimony and body camera footage. The State also presented pictures of the items found in the Durango, including methamphetamine, pipes, needles, and a scale.

Turner never objected at trial to the admission of the evidence he had sought to suppress. During a discussion regarding a request to recuse the district court judge, Turner indicated that he would not challenge that evidence. His counsel noted that the legal question of admissibility had been resolved and that the defendant did not complain of the ruling.

*Verdict and Sentencing*

The jury convicted Turner as charged, and Turner did not move for a judgment of acquittal or a new trial. Nor did he challenge his criminal history, which the district court found was H. The court sentenced Turner to 12 months' probation with an underlying term of 13 months' imprisonment for the drug possession, and 6 months in jail for each misdemeanor offense. The district court ordered the 6-month sentences be served concurrent with one another but consecutive to the 13-month sentence. The district court also ordered Turner to pay $2,600 in attorney fees.

Turner timely appeals.

I.      DID THE DISTRICT COURT ERR BY DENYING TURNER'S MOTION TO SUPPRESS?

Turner's primary claim on appeal challenges the district court's denial of his motion to suppress. He asserts that Mixon's warrantless search of the Durango violated his Fourth Amendment to the United States Constitution protection from unreasonable searches and seizures, so evidence from that search should be suppressed.

The State counters that the district court properly found two exceptions apply here to the general rule that warrantless searches are per se unreasonable: (1) automobile exception; and (2) search incident to a lawful arrest. But initially, the State asks us not to reach the merits of Turner's Fourth Amendment claim because Turner failed to preserve this issue for appeal. We first address this procedural matter.

*Preservation*

Although Turner argued his motion to suppress in the district court, he did not object at trial to the admission of any evidence from the search of the Durango. Turner admits this on appeal. In fact, Turner expressly disclaimed any challenge to the evidence's admissibility after the suppression hearing. The State argues that Turner's failure to make a contemporaneous and specific objection to admission of the evidence from the search at the time the State offered that evidence, as K.S.A. 60-404 requires, makes this issue unpreserved for our review. We agree.

Our appellate courts have long held that the admissibility of evidence may be reviewed on appeal only when that issue is preserved by a timely and specific objection. K.S.A. 60-404 "'dictates that evidentiary errors shall not be reviewed on appeal unless a party has lodged a timely and specific objection to the alleged error at trial.' *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009)." *State v. Green*, 320 Kan. 539, 564, 570 P.3d 1189 (2025). Even when, as here, a party files a pretrial motion to suppress evidence, that

5

party must also make a specific and contemporaneous objection to admission of the evidence when it is offered at trial. See 320 Kan. at 564. This is so the district court can reconsider its pretrial ruling in the context of other admitted evidence. "[A] timely and specific objection allows the district court to consider as fully as possible—in context— whether the evidence should be admitted, which reduces the chances of using tainted evidence and thus avoids possible reversal and a new trial." *State v. Showalter*, 318 Kan. 338, 345-46, 543 P.3d 508 (2024). Without such a trial objection, this court must decline to address the issue. See *State v. Potts*, 304 Kan. 687, 700, 374 P.3d 639 (2016) (declining to address a challenge to admitted evidence when defendant failed to contemporaneously object at trial even though defendant had filed a pretrial motion to suppress that the district court denied).

The only exception to this rule is when a defendant is tried solely on stipulated facts and timely interposes an objection to the admission of evidence by filing a pretrial motion to suppress evidence. In that situation, the requirements of K.S.A. 60-404 are satisfied even if the defendant does not object to the evidence at trial. *State v. Kelly*, 295 Kan. 587, 594, 285 P.3d 1026 (2012). That exception does not apply here, because Turner was not tried on stipulated facts.

Still, Turner argues that exceptions apply to our general preservation rules, including when the newly asserted claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case. See *State v. Gutierrez-Fuentes*, 315 Kan. 341, 347, 508 P.3d 378 (2022). But such exceptions do not apply to arguments challenging the admission of evidence. See *State v. Solis*, 305 Kan. 55, 62-63, 378 P.3d 532 (2016) ("We have specifically refused to allow the contemporaneous objection rule to be circumvented by the caselaw exception that is designed to serve the ends of justice or prevent a denial of a fundamental right."). So no exception applies here.

Turner also cites *State v. Goforth*, 65 Kan. App. 2d 108, 114, 561 P.3d 523 (2024), *rev. denied* 320 Kan. 864 (2025), as support for our reaching the merits of his constitutional issue. There, a panel of this court found K.S.A. 60-404's procedural bar did not apply to the Fourth and Fifth Amendment issues raised in that appeal. Yet there, unlike here, the panel found review appropriate because although Goforth challenged the denial of a motion to suppress, he did not challenge the admission of evidence.

> "But Goforth does not contend on appeal that the district court erred by admitting any evidence, so any lack of preservation seems immaterial. See K.S.A. 60-404. And the State does not show how a lack of a timely and contemporaneous objection to the admission of evidence, as is required for evidentiary challenges, see *State v. Scheetz*, 318 Kan. 48, 61-62, 541 P.3d 79 (2024), impacts any issue on appeal. Although Goforth contends that the admission of the photos from his phone violated his Fourth and Fifth Amendment rights, the contemporaneous objection rule has no bearing on our analysis of those constitutional issues. We thus decline to address the merits of this procedural challenge." *Goforth*, 65 Kan. App. 2d at 114.

Turner raises evidentiary errors on appeal and we shall not review them because he has not lodged a timely and specific objection to the alleged errors at trial. See *Green*, 320 Kan. at 564. We thus find no error in the district court's admission of evidence from the search of the Durango.

## II.    DID THE DISTRICT COURT ERR BY IMPOSING BIDS ATTORNEY FEES?

Turner's only other claim on appeal challenges the district court's order to reimburse the Kansas Board of Indigents' Defense Services (BIDS) for his attorney fees. He challenges the decision under K.S.A. 22-4513(a)—addressing fee tables—and K.S.A. 22-4513(b)—addressing fee inquiry.

It is undisputed that the district court asked only one question—whether Turner had the ability to pay $2,600. Turner responded: "I will. I don't right now, but I do have a

job." It is possible that Turner's willingness to pay that amount of attorney fee curtailed the questions the district court would otherwise have asked.

Yet *State v. Robinson*, 281 Kan. 538, 543-44, 132 P.3d 934 (2006), requires more.

"First, the sentencing court, at the time of initial assessment, must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly,* stating on the record how those factors have been weighed in the court's decision. Without an adequate record on these points, meaningful appellate review of whether the court abused its discretion in setting the amount and method of payment of the fees would be impossible. See *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000) (noting difficulty of reviewing case in which district court failed to state findings, conclusions)." *Robinson*, 281 Kan. at 546.

The discussion in *Robinson* confirms that the statutory requirements for imposing BIDS fees under K.S.A. 22-4513(b) are mandatory.

We agree with Turner that the district court's brief inquiry failed to meet the requirements imposed in *Robinson*. Yet this does not mean that Turner got an "illegal sentence," as that term is used in K.S.A. 22-3504. See *Robinson*, 281 Kan. at 546-47.

Turner also claims that the district court failed to follow the correct fee table by imposing an attorney fee of $2,600. The State concedes this error. We agree that the appropriate table shows that for a tried, severity level five drug case, as here, the recommended fee is a maximum of $2,256. See K.S.A. 22-4513(a). The district court thus erred by assessing more than that amount. We remand for reconsideration of the BIDS fees utilizing the correct reimbursement table and for findings concerning Turner's financial resources and the burden the payment would impose.

Affirmed in part, vacated in part, and remanded with directions.

8

ATCHESON, J., concurring: We are obligated to follow the Kansas Supreme Court's construction of the contemporaneous objection rule codified in K.S.A. 60-404 to preclude appellate review of the Sedgwick County District Court's denial of Defendant Darrin L. Turner Jr.'s motion to suppress. See *State v. Green*, 320 Kan. 539, 564, 570 P.3d 1189 (2025) (declining to consider appeal of denial of motion to suppress because no contemporaneous objection to evidence made at trial). I have previously outlined why that approach ill serves the interests of basic fairness in criminal cases and promotes no sound countervailing policy objectives. *State v. White*, No. 109,953, 2014 WL 5312873, at *8-15 (Kan. App. 2014) (unpublished opinion) (Atcheson, J., concurring). I do not repeat the discussion here, but I remain of that view. I offer no opinion on the merits of the motion to suppress and suggest only that we ought to be permitted to reach the merits.